WILLIAM McDONALD, plaintiff in error, *v.* JOHN B. BACON, defendant in error.

*Error to McDonough.*

As a general principle, an award to be obligatory on the parties, must decide all the matters contained in the submission.   But this rule is subject to some exceptions ; as where the submission is of several distinct subjects, an award determining some

(1.) Miller *v.* Houck *et al.*, 1 Scam. 501.

only will be good, if it appear that those not decided were withdrawn from the consideration of the arbitrators, or that the parties failed to submit the evidence concerning them. And where the submission is general, of all matters in difference, without specifying them, the award will be good, if made as to all questions brought to the notice of the arbitrators on the hearing. In such cases the award can be enforced, as to all questions decided by it, leaving the parties to resort to their original remedies for the settlement of the questions undetermined. In some cases the award may be void in part, and good as to the residue; as where the arbitrators assume to decide questions not submitted to them, their award to that extent is void, and binding as to those which were submitted. So on a general submission, the award will not be conclusive upon a matter not brought to the notice of the arbitrators. Where, however, the submission is of one subject matter, and where of several, with a condition that all shall be decided, the general rule applies, and the award must be as broad as the submission, or it is void. The award, too, must be certain to a common intent, capable of being understood, and carried into specific execution, without the aid of extraneous circumstances.

A submission to arbitration, recites, that "McDonald and Bacon are respectively possessed of water mills on Crooked Creek, in McDonough county, and claim mill privileges on said stream, in conflict with each other, and concerning which disputes have arisen between them," and provides, "that differences, disputes, and claims respecting mill privileges, and damages which may have been sustained, in consequence of any destruction occasioned by mill dams to mill privileges, on said creek, and whether said Bacon's mill dam is so high as to cause the water to overflow and obstruct said McDonald's mill, and hinder and injure its operation; and if too high, how much the same should be lowered, so as not to obstruct said McDonald's mill," shall be referred to the arbitrament and award of certain persons, "who are to meet at Bacon's mill dam, and after inspecting it, and the creek up to McDonald's mill, and the appearance of the water to their satisfaction, said McDonald is to be allowed to let the water out of Bacon's mill dam, as much as he chooses, so as to draw off the head of water in his own manner, and to his own satisfaction, doing Bacon's dam as little injury as possible, and after so drawn off, said arbitrators are then again to view the appearance of the water from Bacon's mill dam, up to McDonald's mill, and from such examinations, as well as any other examinations, above or below McDonald's mill, they may make, and any other proper evidence submitted to them, decide whether Bacon's mill dam causes the water to flow back on the mill of McDonald, so as to injure said McDonald's mill or not; and if it does so injure McDonald's mill, then how much said Bacon's mill dam shall be lowered, to remove the injury, and also whether, upon a view of all the rights and privileges of both parties, said Bacon should pay said McDonald any damages, and if any, how much, or such other decision, as in their judgment shall be right;" and "shall determine what costs shall be paid by one or both of the parties, at their discretion." The award was made January 15th, 1840, and determined,

"*First,* That Bacon shall, within six months, pay to McDonald, $625.62, with twelve per cent. interest;

*Second,* That he pay McDonald, within twelve months, a like sum, bearing the same rate of interest;

*Third,* That Bacon pay the costs, amounting to $95.56. in twenty days;

*Fourth,* That the said John B. Bacon shall cause the planks of his mill dam to be taken down, so as to reduce the quantity or head of water therein, eleven inches, perpendicular measure, lower than the same was on the 27th day of December, 1839, when the said dam was examined by the said arbitrators herein, which is to be done in twenty days from the date hereof:" *Held,* that so much of the award as relates to the lowering the dam, is uncertain, and therefore the whole award is void.

THIS cause was heard in the Court below, at the May term, 1841, before the Hon. Stephen A. Douglass. Judgment was rendered for the defendant, and the cause brought to this Court by writ of error.

S. T. LOGAN and O. H. BROWNING, for the plaintiff in error, cited Watson on Arb. 11, 13; 145, 163—6, 171, 185; Kyd on Awards 202, 233, 236—8; 1 Peters 227; 5 Wend. 270; 14 Johns. 96, 102—9; 13 Johns. 27; 11 Johns. 106; 2 Johns. 57.

McDonald v. Bacon.

W. A. MINSHALL, for the defendant in error, cited Kyd on Awards 175; Croke Eliz. 838; 9 East 81; Croke Jac. 200, 355; McBride v. Hogan, 1 Wend. 333—8; 6 Peters' Cond. R. 393–4; 1 Peters 227; Watson on Awards 158, 160–1, 167, 190—4.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *covenant*, brought by McDonald against Bacon, to recover damages for the non-performance of an award. The agreement to arbitrate, and the award are set out at length in the declaration.

The agreement, bearing date October, 1839, recites, that " McDonald and Bacon are respectively possessed of water mills on Crooked Creek, in McDonough county, and claim mill privileges on said stream, in conflict with each other, and concerning which, disputes have arisen between them;" and provides, " that differences, disputes, and claims respecting mill privileges, and damages which may have been sustained, in consequence of any destruction occasioned by mill dams to mill privileges on said creek, and whether the said Bacon's mill dam is so high as to cause the water to overflow and obstruct the said McDonald's mill, and hinder and injure its operation, and if too high, how much the same should be lowered, so as not to obstruct the said McDonald's mill," shall be referred to the arbitrament and award of certain persons, " who are to meet at Bacon's mill dam, and, after inspecting it, and the creek up to McDonald's mill, and the appearance of the water, to their satisfaction, the said McDonald is to be allowed to let the water out of Bacon's mill dam, as much as he chooses, so as to draw off the head of water in his own manner, and to his own satisfaction, doing Bacon's dam as little injury as possible; and after so drawn off, the said arbitrators are then again to view the appearances of the water from Bacon's mill dam up to McDonald's mill; and from such examinations, as well as any other examinations, above or below McDonald's mill, they may make, and any other proper evidence submitted to them, decide whether Bacon's mill dam causes the water to flow back on the mill of McDonald, so as to injure the said McDonald's mill or not; and if it does so injure McDonald's mill, then how much the said Bacon's mill dam shall be lowered, to remove the injury, and also whether, upon a view of all the rights and privileges of both parties, the said Bacon should pay the said McDonald any damages, and, if any, how much, or such other decision as, in their judgment, shall be right," and " shall determine what costs shall be paid by one or both of the parties, at their discretion."

The award, bearing date the 15th of January, 1840, determines,

*First.* That Bacon shall, within six months, pay to McDonald $625.62, with twelve per cent. interest;

*Second.* That he pay to McDonald, within twelve months, a like sum, bearing the same rate of interest;

*Third.* That Bacon pay the costs, amounting to $95.56, in twenty days;

*Fourth.* "That the said John B. Bacon shall cause the planks of his mill dam to be taken down, so as to reduce the quantity or head of water therein eleven inches, perpendicular measure, lower than the same was on the 27th of December, 1839, when the said dam was examined by the said arbitrators herein, which is to be done in twenty days from the date hereof."

The breaches assigned in the declaration are, first, the non-payment, within six months, of the first instalment of $625.62; and, secondly, that Bacon did not, within twenty days, cause the planks on his mill dam to be taken down, so as to reduce the quantity or head of water in the dam eleven inches, perpendicular measure, lower than it was on the 27th of December, 1839.

The defendant demurred to the declaration, and the Court sustained the demurrer, and rendered judgment thereon.

To reverse this judgment, McDonald prosecutes a writ of error, and assigns, as cause for reversal, the decision of the Court in sustaining the demurrer.

It is insisted by the defendant, that the award is void for uncertainty. As a general principle, an award, to be obligatory on the parties, must decide all the matters contained in the submission. But this rule is subject to some exceptions. As where the submission is of several distinct subjects, an award determining some only will be good, if it appear that those not decided were withdrawn from the consideration of the arbitrators, or that the parties failed to submit the evidence concerning them. And where the submission is general, of all matters in difference, without specifying them, the award will be good, if made as to all questions brought to the notice of the arbitrators on the hearing. In such cases the award can be enforced, as to all questions decided by it, leaving the parties to resort to their original remedies, for the settlement of the questions undetermined. In some cases the award may be void in part, and good as to the residue. As where the arbitrators assume to decide questions not submitted to them, their award, to that extent, is void, and binding as to those which were submitted. So, on a general submission, the award will not be conclusive upon a matter not brought to the notice of the arbitrators. Where, however, the submission is of one subject matter, and where of several, with a condition that all shall be decided, the general rule applies, and the award must be as broad as the submission, or it is void. The award, too, must be certain to a common intent, capable of being understood, and carried into specific execution, without the aid of extraneous circumstances. (1)

In this case, the main questions submitted for the decision of the arbitrators, were, whether Bacon's mill dam, by causing back water,

(1) Kyd on Awards 183, 191; Watson on Plead. 117, 119.

obstructed the operations of McDonald's mill, and if so, what amount of damages McDonald had sustained, and how much the dam should be lowered, to prevent the obstruction in future. These questions all arose out of the same subject matter, and were intimately connected with each other. The arbitrators took upon themselves the burthen of the submission, and of course of the decision and settlement of these questions. If they have failed to decide all of them, or if in assuming to decide the whole, their award as to any is uncertain or indefinite, it is void *in toto*, and cannot be enforced.

As to the subject of damages, it is full and explicit. The only question, then, which this Court is called upon to decide, is, whether that part of the award which relates to the lowering of the dam, is sufficiently certain. By the terms of the submission, the arbitrators were required to ascertain and determine, upon actual examination, how much the dam should be lowered, to remove the injury complained of. They award that the dam shall be taken down, so that the quantity or head of water above it, shall be reduced eleven inches lower than it was on a particular day. The injury complained of arose from the back water occasioned by the dam, at the lower mill. The remedy agreed on by the parties, was the lowering of the dam, so that the back water should cease to interfere with and obstruct the operations of the upper mill. It is but reasonable, therefore, to apply the reduction in the depth of the water, to that part of the dam nearest the upper mill. The duty of the arbitrators seems clear and positive. They were to examine the premises, and ascertain by experiment and otherwise, in the first place, how much the depth of the water at the upper mill should be lessened, to free it from the obstruction; and then determine what reduction in the height of the dam would produce the result desired. It was useless to determine the first proposition, unless they at the same time decided the other. They ascertain the cause and extent of the injury, but fail to provide a certain and definite remedy. The principal question, to what extent the dam is to be lowered, remains undetermined. Again, by the terms of the award, the quantity of water is to be reduced eleven inches lower than it was on a particular day. How is the depth of the water at that time to be ascertained, but by extraneous evidence?

But it may be said, that the lowering of the planks of the dam would lessen the depth of the back water to the same extent. We do not think it would follow as a necessary consequence from a certain reduction in the height of the dam, that the back water near the upper mill would fall the same distance. This would be true, to a greater or less degree, according to the character of the stream. It would depend upon the volume of water, the rapidity of the current, the width and meanderings of the channel, and other causes affecting the particular stream. There is no general rule by which anything like certainty could be attained, without an actual examination and survey of the stream.

We arrive at the conclusion, that the award, in a material point, is uncertain and indefinite, and therefore void.

The decision of the Circuit Court is affirmed with costs.

*Judgment affirmed.*