ABIJAH WHETSTONE, Appellant, *v.* JOHN THOMAS, Appellee.

### APPEAL FROM ADAMS.

Where the submission to an arbitration is " of divers disputes and controversies," without specifying their nature and character, and one of the parties resists the award, on the ground that the arbitrators have not made a decision of the whole of the matters submitted to them, he must state affirmatively, in his pleadings, that the arbitrators had notice of the matters which they have neglected to decide; otherwise the award is good.

THIS was an action of debt on award. The second count of the declaration was as follows:

And also for that whereas, the said plaintiff and the said defendant, heretofore, to wit, on the twenty-third day of August, A. D. 1859, to wit, at the county of Adams and State of Illinois, executed their certain other writing obligatory, the said plaintiff by the signature of John Thomas, and the said defendant by the signature of Abijah Whetstone, sealed with their seals respectively, (and now to the court here shown,) which said writing obligatory is in the words and figures following, to wit:

" Whereas, divers disputes and controversies have arisen and

are now depending and unsettled, between John Thomas, of the °
one part, and Abijah Whetstone, of the other part, of the State
of Illinois. Now therefore, for the purpose of settling and de-
termining such disputes and controversies, it is hereby mutually
agreed and understood, by and between the said parties, that
the same shall be referred and submitted to the arbitrament and
determination of Elihu Ward, Wm. M. Dexter and Hiram Ellis-
ton, all of said State, or any two of them; and the said arbi-
trators, or any two of them, shall make and publish their award
in writing, under their hands and seals, and deliver the same to
the parties, or to either of them who shall desire the same, on
or before the last day of September, 1859; and it is hereby fur-
ther agreed and understood, by and between the said parties, that
the decision of said arbitrators shall be final. In witness where-
of, the said parties have hereunto set their hands and seals, this
the twenty-third day of August, A. D. 1859.

Signed and sealed in presence of ⎫   JOHN THOMAS.    [SEAL.]
   W. H. WATSON.       ⎬   ABIJAH WHETSTONE. [SEAL.]"

   And the said plaintiff avers, that the said Elihu Ward, Wm.
M. Dexter and Hiram Elliston, afterwards, to wit, on the sixth
day of September, A. D. 1859, took upon themselves the burden
of said arbitration; and afterwards, to wit, on said sixth day of
September, A. D. 1859, after having met said plaintiff and said
defendant, and after having heard their several allegations,
proofs and arguments, and duly considered the same, did, under
and in pursuance of said writing obligatory, then make and pub-
lish their award in writing, the said Elihu Ward by his own
proper signature of Elihu Ward, and the said Wm. M. Dexter
by the signature of Wm. M. Dexter, and the said Hiram Ellis-
ton by his own proper signature of Hiram Elliston, sealed with
their seals respectively, (and now to the court here shown,)
of and concerning the said matters in dispute and controversy,
so referred to them as aforesaid. And afterwards, to wit, on
the seventh day of September, A. D. 1859, delivered the same
to said defendant; which said last mentioned award of said
arbitrators is in the words and figures following, to wit:
   " We, Elihu Ward, Wm. M. Dexter and Hiram Elliston,
arbitrators chosen and selected in pursuance of a submission, a
copy of which is hereunto annexed, having met the said parties,
John Thomas, of the one part, and Abijah Whetstone, of the
other part, in pursuance thereof, and heard their several allega-
tions, proofs and arguments, and duly considered the same, do
award and determine that the said Abijah Whetstone shall, on
or before the fifteenth day of September, A. D. 1859, well and
truly pay to the said John Thomas, the full sum of twenty-

• five hundred and twenty-eight dollars and eighty-one cents, ($2528.81) good and lawful money of the United States. It shall be optional, however, with the said Abijah Whetstone, to pay the money at the time and manner specified unto the said John Thomas, or on the above mentioned fifteenth day of September, to execute to him, the said John Thomas, two approved promissory notes, one for the sum of twelve hundred and sixty-four dollars and forty cents, and one for the sum of twelve hundred and sixty-four dollars and forty-one cents, with interest at the rate of ten per cent. per annum; the first note payable in three months from date, and the second note payable in five months from date; which two notes, covering the amount of this award, shall be in full; and the said John Thomas shall receive the same as a full settlement of all accounts, if the said Abijah Whetstone shall prefer the making and executing of such notes as above described, in lieu of paying the money on the fifteenth day of September, 1859.

" We, the aforesaid arbitrators, do further determine and award that the costs in the said arbitration be equally divided between the said parties, the said cost to be paid by the said parties on or before the fifteenth day of September, 1859.

" Given under our hands and seals this the 6th day of September, A. D. 1859.

> ELIHU WARD,      [SEAL.] ⎫
> WM. M. DEXTER,   [SEAL.] ⎬ *Arbitrators.*"
> HIRAM ELLISTON,  [SEAL.] ⎭

And the plaintiff further avers, that from the time of making said award until the sixteenth day of September, A. D. 1859, he was ready and willing to accept and receive from said defendant said two promissory notes in said award mentioned, in full settlement of all accounts against said defendant, and in full satisfaction and discharge of said award. Yet the said defendant did not, on said sixteenth day of September, A. D. 1859, make and execute said two promissory notes in said award mentioned, nor hath paid to said plaintiff said sum of twenty-five hundred and twenty-eight dollars and eighty-one cents, nor any part thereof, so awarded as aforesaid.

Second, third and fourth pleas as follows:

And the defendant, for further plea to the first and second counts of plaintiff's declaration, says *actio non*, as to said counts and each of them, because he says that the award in said counts mentioned is one and the same supposed award, and that prior to the making of said award and to the making of the submission in said counts mentioned, to wit, in the year eighteen hundred and fifty-nine, the plaintiff and defendant were and had

been copartners in the buying and selling live stock, and divers differences existed between them concerning the same, and their said partnership business, and said plaintiff and defendant as such partners, on account of said partnership, owed divers large sums of money to divers other persons, and divers other persons owed divers large sums of money to plaintiff and defendant, as such partners, on account of said partnership, which said debts remained unpaid, both to and from said firm, composed of plaintiff and defendant as aforesaid ; and divers differences at the time of the making of said submission and award, existed between said plaintiff and defendant, on account thereof, and as to which party, this plaintiff or the defendant, was indebted to the other on account of the said copartnership business, and the final settlement thereof between them, as to which of them should pay said partnership debts, and as to which of them should be entitled to have and receive the said debts, due and owing to said plaintiff and defendant as such partners aforesaid, whereupon and in consideration of the said differences the plaintiff and defendant did make said submission, and did enter upon said arbitration, and the same matters of difference and final settlement did submit to the determination of said arbitrators. And the defendant in fact says, that the said arbitrators did not award and determine upon the whole matters aforesaid so submitted, but on the contrary thereof did not finally determine the said matters of difference, did not determine which of said parties, the plaintiff or the defendant, should be entitled to have and receive the said debts so due said copartners as aforesaid, nor whether the plaintiff or the defendant should pay the debts so due, by plaintiff and defendant as aforesaid, to said other persons, and did not in fact determine upon the matter of difference aforesaid so submitted, of and concerning said debts so due to, and so due from said plaintiff and defendant as aforesaid, nor the matter of the same in any manner adjust, determine or act upon in the making of their said award, and so the defendant says said award is wholly void ; and this he is ready to verify, wherefore he prays judgment, etc., as to said counts.

And for further plea as to the first and second counts of plaintiff's declaration, the defendant says *actio non*, because he says that the submission and award in said counts mentioned, are one and the same supposed submission and award, and that prior to the making of said award and the making of said submission, to wit, in the year 1859, the plaintiff and defendant, together with one Samuel Burtis, had been each three equal copartners in the buying and selling of live stock, and the said copartnership had been dissolved and the business thereof stopped, and no settlement had been made by said partners of

the affairs thereof, between them; that at the time of the making of said submission, and at the time of the making of said award, divers differences existed among said several partners, of and concerning said partnership, and as to what amount said several partners respectively owed said firm and copartnership, and as to how much said several partners were respectively entitled to credit for or against said firm and copartnership, and how much each was entitled to receive therefrom on full settlement of the affairs thereof, and which said sums amounted to many, to wit, twenty thousand dollars, then unsettled and in difference; that also, before the making of said submission and the making of said award, the plaintiff and the defendant, to wit, in the year 1859, were and had been partners in the same business of buying and selling live stock, and there then were divers differences depending between them of and concerning said last named copartnership, and as to how much the one, and which, was indebted justly to the other on account of the business thereof and in consideration of the same; and for the purpose of finally settling the said last named difference, and none other, the plaintiff and defendant made said submission, and the same matter of difference last named, and none other, submitted to said arbitrators for determination; that said arbitrators, in the making of said award, did not award only upon said matter of difference so submitted to them, but on the contrary, together with said matter of difference, took upon themselves to determine, and did in fact award and determine of and concerning the matters of difference first above mentioned, between the plaintiff and defendant and said Burtis, then existing, under the said submission, and in and by their said award did determine against this defendant and in favor of this plaintiff, of and concerning alone the matters of difference first above mentioned, divers large sums of money, and the same in and by the said award did direct that the defendant pay to the plaintiff, other and different from any the matters of difference aforesaid, so submitted to said arbitrators, and amounting to a large sum of money, to wit, the sum of three thousand dollars; and so the defendant says the said award is void, and this he is ready to verify, etc., wherefore he prays judgment as to said counts, etc.

And for further plea to the first and second counts of plaintiff's declaration, the defendant, as to said counts, says *actio non,* because he says that the submission and the award in said counts mentioned are one and the same supposed submission and award, and that before the making of the same, to wit, in the year 1859, the plaintiff, the defendant, and one Samuel Burtis, were and had been copartners in the buying and selling of live stock, and the plaintiff and defendant had likewise afterwards

and before the making of said submission, and before the making of said award, been copartners in the same business; and divers differences existed between the plaintiff, the defendant and said Burtis, concerning the said copartnership affairs, and as to the rights of each arising out of the same; and the like differences existed between the plaintiff and defendant concerning the said copartnership affairs of the said copartnership between them, and concerning their respective rights and liabilities appertaining thereto; and in consideration thereof, and for the purpose of amicably settling the said several respective differences, the plaintiff, the defendant and said Burtis, mutually employed one John B. Compton to settle, adjust and determine all the said matters of difference, between the plaintiff, the defendant and said Burtis, and also between the plaintiff and the defendant; and the said Compton did afterwards, and before the making of the said award, or the said submission, the same respective several differences settle, adjust and determine, and the said settlement, adjustment and determination, the plaintiff, the defendant and said Burtis did approve and abide, except that the plaintiff complained of the said adjustment and determination in part and parcel thereof, only, that is to say: that in and by the said settlement and determination, the said Compton had wrongfully charged the plaintiff in the matters of the said copartnership of plaintiff, defendant and said Burtis, $524\frac{30}{100}$ dollars; that in the matters of said partnership, he had wrongfully failed to charge this defendant 490 dollars; that of the matters of said partnership, either the said Compton had wrongfully charged this plaintiff with $910\frac{73}{100}$ dollars, or that this defendant should have been, in the matter of said partnership, charged with the same sum by said Compton; and that said Compton, in the matter of said partnership, had wrongfully failed to credit this plaintiff with another sum of 363 dollars; that at the time of the making of said submission, the matters and items so complained of by the plaintiff alone, were in difference between the plaintiff and defendant, and that the same matter of difference and none other, and so far as the same could and ought to be adjusted between the plaintiff and defendant, might between them be amicably adjusted, and for no other purpose, the plaintiff and defendant made said submission, and the same matters of difference and none other, submitted to the final determination of said arbitrators in said submission named. And the defendant avers, that the said arbitrators entered upon an investigation of the entire affairs of said two copartnerships, and of and concerning the same respectively, did consider and determine, and in and by said supposed award, finally awarded between this plaintiff and this defendant, not upon the matters

of difference so as aforesaid submitted only, but upon other and different accounts, dealings, items and charges, and on account thereof, divers large sums of money did determine (of the moneys in said award mentioned), and award against the defendant in favor of the plaintiff, and so the defendant says said supposed award is void, and this he is ready to verify; wherefore he prays judgment, etc., to said counts, etc.

*Nol pros.* as in common counts. General demurrer to second, third and fourth pleas. Joinder in demurrer. Demurrer sustained to said pleas. Appellant abided his pleas.

Judgment against appellant for $2,528.81 debt, and $88.50 damages.

SKINNER & WHEAT, for Appellant.

J. GRIMSHAW, for Appellee.

BREESE, J. In all cases arising on awards where the question is, whether or not the arbitrator has exceeded his authority or the contrary, that question must depend upon the intention of the parties, to be drawn from the words of the instrument of submission. It is a general rule unless the arbitrator makes his award of all matters submitted to him, the award is void, meaning only, where the submission is of several specific things. But where the submission is of all matters in difference, or of all disputes, without specifying them, the arbitrator need only make his award as to the things of which he had notice. If there are other things in controversy, not included in the award, but of which the arbitrator had not notice, yet the award is good. If, however, the arbitrator does not make his award of all matters within the submission of which he has notice, the award is void *in toto.* Watson on Arbitration and Awards, 121.

It will be perceived in this case, the submission is not of several specific things, or of all matters in difference, but of " divers disputes and controversies," without specifying the nature or character of any one of them.

The intention of the parties, as we gather it from the language of the submission, is manifestly that either party may bring before the arbitrators any specific matter of dispute and difference, or all matters of dispute and difference between them, and that they shall decide upon such, and none other; hence the necessity, in order to resist the award, of alleging in the pleas, that the arbitrators had notice of other matters of difference, which were properly brought before them, specifying them.

In neither of the pleas is it alleged that the arbitrators had

notice of any other matter in dispute between the parties, than the state of their several accounts, and on that they have awarded fully, and that is not denied to have been a matter of dispute between the parties to the submission. If they desired a decision upon other matters, the parties should have brought them distinctly before the arbitrators.

The judgment must be affirmed.        *Judgment affirmed.*