THOMAS J. BUNTAIN, Appellee, *v.* DAVID S. CURTIS, Appellant.

### APPEAL FROM EDGAR.

A submission and award filed, that the award may be made a judgment, are a part of the record, and need not be preserved by a bill of exceptions.

An award should conform to the submission in order to make it obligatory. If it should not be as extensive as the submission it may be defective. If arbitrators should reject any matter comprised within the submission, it would be a ground of objection to the award.

Where a submission to arbitration requires an award by a certain day, if it appears that the time was extended by consent of both parties, an award after the day named will be sustained.

An award should be rendered upon all matters embraced in the submission, or it will be set aside.

THIS record is brought to this court on appeal from the Edgar Circuit Court, and presents the following facts:

On the 23rd day of March, 1858, Thomas J. Buntain and David S. Curtis, the parties to this proceeding, entered, under their hands and seals, into an agreement of submission to arbitration of certain unsettled accounts, and matters of trade between them, concerning the business transactions of the firm of Buntain & Curtis, and also of the firm of Curtis, Buntain & Co., to the decision and arbitration of certain persons therein named, agreeing that each of them should be sworn and make his statement to the arbitrators in reference to all matters in controversy, to have privilege of introducing witnesses as each might desire, covenanting to keep the award that the majority of the arbitrators might make, in writing, under their hands, ready to be delivered by the 1st of May, 1858. It was further agreed, that the award of the said arbitrators should be made a judgment of the Edgar Circuit Court, and stipulating for the payment of two thousand dollars in damages by the one who should fail to keep and observe the award.

At the September term, 1858, of the Edgar Circuit Court, the arbitrators filed their award in this cause.

The award of the arbitrators sets forth, that B. F. Lodge, Solomon Trogdon, Hiram Sandford, George E. Levings, and Samuel Connelly, arbitrators mutually selected by Thomas J. Buntain and David S. Curtis, to hear and settle the matters in dispute between them, growing out of their dealings or trading in cattle and hogs, on their joint account, under the style and firm of Buntain & Curtis, together with their dealings in such stock in partnership with H. D. Williams & Co., under the style and firm of Curtis, Buntain & Co., in the years 1855 and 1856, "being first duly sworn, did, on the 23rd March, 1858, proceed to the discharge of their duties, and continued in so doing from time to time, until the 1st of September, 1858; that they find that Thomas J. Buntain has received money and property amounting to the sum of $39,550.98, belonging to the said Buntain & Curtis, and Curtis, Buntain & Co., including interest thereon up to 1st September, 1858, as per schedule thereto annexed, marked A; that Buntain has paid out for the use of said firms, the sum of $44,042.63, including interest thereon to 1st September, 1858, as per schedule thereto annexed, marked B, showing $4,491.65 more paid out by him than received; that David S. Curtis has received money and property, $58,818.13, belonging to said firms, including interest as above, as per schedule C, and has paid out as per schedule D, the sum of $65,284.75, including interest as above, making $6,466.62 more paid out by him than received, and $1,974.97 more paid out by Curtis than Buntain. They award that Buntain shall pay Curtis $987.48, the one-half of the excess paid out by Curtis as above, and that each shall pay one-half the costs and charges of arbitration, and be jointly bound for any just demand against Buntain & Curtis."

The arbitrators then expressly except two items from said award, $640.44, with interest, that Curtis presented against Buntain, and $500 that Buntain presented against Curtis, declaring themselves unable to agree, but leaving them for further examination and settlement between the parties, together with their private dealings not included in the settlement and award.

At the special January term, 1860, Buntain moved the court to set aside the arbitrators' report, and files his reasons. After making several specific objections as to certain allowances of claims against him, states—

That the arbitrators have been guilty of divers other mistakes in stating the accounts between the parties.

That the award is broader than the submission.

That the award is not as comprehensive as the submission.

That the award is for the defendant to pay to Curtis $987.48, when a fair statement of the accounts, according to the showing of the parties, would show a large amount due from Curtis to Buntain.

Defendant (Buntain) asks that the award be rejected, and the rule making the same a judgment of the court be refused.

The court took the motion under advisement, and at the May term, 1861, of the Edgar Circuit Court, rendered a judgment on the award, that the plaintiff (Curtis) recover of the defendant (Buntain), overruling the motion and exceptions of defendant to the award, the sum of $987.48, and $121.72½, half of the costs of said arbitrators, and the costs of the court, and that said Curtis have execution therefor, etc.

Defendant prayed an appeal, which was allowed.

The errors assigned are—

That the court below erred in not rejecting the award of the arbitrators, and in overruling the motion of defendant to suppress the award, and in overruling defendant's exceptions to such award, and in rendering judgment on the award, as in said record set out.

And also that the court below erred in not setting aside the award, and either discharging the arbitrators and setting aside the submission as impossible, or recommitting the matters embraced in the submission to the arbitrators.

C. H. Constable, for Appellant.

S. P. Read, for Appellee.

Walker, J. This was a judgment on an award, made by arbitrators selected by the parties, with an agreement in the submission, that their award should be made a rule of court. On filing the award, exceptions were taken as it is urged, but if so, they are not preserved in a bill of exceptions. It is first insisted, that the written submission, the award filed in the court below, or the exceptions thereto, are not a part of the record, unless made so by bill of exceptions. The statute having authorized parties by their submission, to have the award made a judgment of the court, it would seem to follow, that the submission and award, upon being filed for that purpose, and being the foundation of the judgment, became as much a matter of record, as the summons and declaration. The submission is as much the basis of the action as the declaration, and the award the foundation of the judgment as a

verdict of a jury. By being filed with the clerk for the purpose of moving for a judgment, they clearly become a matter of record.

It is first urged, that the award does not conform to the submission. If this is true, and if it appears from inspecting those instruments, that the award in any essential matter departs from the submission, the exception is well taken. In support of the position, it is insisted that by the submission, the arbitrators were authorized to settle and determine certain " unsettled accounts and matters of trade existing between David S. Curtis of the first part, and Thomas J. Buntain of the other part, concerning the business transactions of the firm of Buntain & Curtis, and of the firm of Curtis, Buntain & Co." Whilst in the award the arbitrators say, they were selected and chosen, " to hear and settle the matters in dispute between them, growing out of their dealings in cattle and hogs, on their joint account, under the style and firm of Buntain & Curtis, together with their dealings in such stock in partnership, with D. H. Williams & Co., under the style of Curtis, Buntain & Co., in the years 1855 and 1856." Whilst this recital refers to the character of the business transactions of these firms, and its dates, we do not see that it follows, that they took into consideration either more or less than was submitted to them. There is no evidence in the record, and nothing appears in the award itself, to show that they took into consideration any matter not referred to their arbitrament.

Had they in the award said, that they had only considered the transactions of these firms relating to cattle, and it had appeared, that other firm transactions existed, then the award would not have been as extensive as the submission, and would have been essentially defective. Under the submission it was the duty of the parties to present to the arbitrators, all matters coming within the submission, and if rejected, it would have formed a ground of exception, upon proof of that fact in the Circuit Court. It does not, however, appear in this case, that such was the fact.

By the submission it was agreed by the parties, and the arbitrators were required to have the award ready for delivery in writing by the first day of May, 1858, but it was not ready until the first day of the following September. This is urged as a ground of reversal. It is undeniably true, that the arbitrators derive all of their power and authority from the submission. Without it, they would be unauthorized to act. And the parties may submit all or any portion of their matters in difference to such a tribunal, under such limitations and restrictions as they may choose to impose. And it is not for that tribunal

25

or the courts to determine whether they are reasonable or not, if they contravene no legal prohibition or rule of sound policy. The submission is the agreement of the parties, and the arbitrators and courts can only carry it into effect, according to its terms and conditions. They can neither enlarge or restrict its terms. But the parties may undoubtedly waive or dispense with any of its terms, in precisely the same mode that they may those of any other contract, either by an express or implied agreement.

It is recited in the award, that the arbitrators met on the 23rd day of March, 1858, and proceeded to examine the accounts of the parties which were presented before them, together with the evidence of the parties themselves, with such other evidence as was presented before them. That they continued the examination and hearing of evidence from time to time until the first day of September, 1858.

Had it appeared, that both parties continued to attend the meetings of the arbitrators after the first of May, and had continued to introduce evidence without objection, it might have raised the inference, that the parties had enlarged the time for making and publishing the award. They had the undoubted right to waive that requirement of the submission by mutual consent. But this record fails to disclose such an agreement, either express or implied. The arbitrators only say, that they continued the examination and hearing of evidence from time to time, until the first of September. They do not state that it was evidence of both parties, and for aught that appears, it may have been that on the part of only one of them. If so, it was wholly unwarranted by the submission, and would render the award void. They could only hear evidence after the first of May, by the consent of both parties, and it must affirmatively appear to have been given to sustain an award published, after the expiration of the time limited by the submission. No such evidence appears in this case, and the award therefore is not binding on the parties.

By the award itself it is stated, that two items of account, one in favor of each party, were not included in the award. The arbitrators say they were unable to agree upon them, and that they are left out of the award, and open to settlement between the parties, together with all their private dealings. This then presents the question, whether the award is defective, in not passing upon and determining all matters submitted to their award. Here are items which clearly fall within the matters submitted, and are of no small amount, claimed to be allowed by the party presenting them. The item claimed

by appellant as a credit on his indebtedness to appellee, is $500, and that claimed by appellee, is $640.44. It was clearly the duty of the arbitrators, when these claims were presented, first to determine whether they were proper under the reference, to be investigated, and if they were, whether they were established by the evidence, and either allow or reject them. It may have been, that these very items were the moving cause of the submission to arbitration by the parties. It is not probable that a dispute existed as to all of the items of account between the parties, and the settlement of these may have been of grave importance to them.

If upon the final adjustment they had allowed appellant's and rejected appellee's claims, it must have reduced the sum found to be due from appellant, to $487.48. This would have been an important reduction to appellant.

If these items had been passed upon, this might not have taken place, yet we cannot say that such would not have been the result. But it is a general rule, that unless an arbitrator renders his award on all matters within the submission, and of which he had notice, the award is wholly void. Watson on Arbitration and Award, 121; *Whetstone* v. *Thomas*, 25 Ill. 361. The arbitrators in this case had notice of these items, and they refused to pass upon them. They were presented by the parties, and the arbitrators say that they are unable to agree, and leave them to be settled with the private dealings of the parties. This clearly implies that they were considered as partnership transactions and within the scope of the submission. Otherwise they would have rejected them as private accounts, not connected with the business of the firms. The award was then, not in accordance with the submission, and it should have been set aside. The court below erred in rendering judgment upon it, and the judgment is reversed, and the cause remanded.

*Judgment reversed.*