DAVID ALFRED

*v.*

THE KANKAKEE AND SOUTHWESTERN RAILROAD COMPANY.

1. . ARBITRATION—*certainty in award as to time of performance.* An award which requires a railroad company to pay $400 for right of way, and to build fences, the money to be paid at any time fixed upon by the company, by giving the land owner three days' notice of the time and place of payment, and requires the land owner at the same time to deliver to the company a deed for the right of way, is void for uncertainty as to the time for the payment of the money and the delivery of the deed.

2. SAME—*requisites of an award.* An award, to be good, must settle and determine every matter that is submitted. The award should be as broad as the submission. If it is not, or goes outside of and beyond the submission, it is not binding on the parties.

3. SAME—*when good in part.* Where an award under the submission is required to be an entirety, it can not be upheld in part and held bad in part, but it must all stand or fall together.

4. SAME—*jurisdiction of court to quash on motion.* Where an award is made on a submission of a matter of difference not in suit, and the submission provides that the award shall be made a rule of the circuit court and that judgment may be entered on the award, that court will have jurisdiction to hear and determine a motion to quash the award.

5. PRACTICE—*on appeal from the Appellate Court.* Where the Appellate Court upon reversal of the judgment of the lower court certifies that the case presents questions of law of such importance, both on account of principal and collateral interest, that it should be passed upon by this court, the unsuccessful party may appeal from the judgment of the Appellate Court to this court, and when the judgment of the Appellate Court is reversed the cause will be remanded to that court.

39—92 ILL.

APPEAL from the Appellate Court of the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and Hon. JOSEPH SIBLEY and Hon. E. S. LELAND, Justices.

Mr. A. E. HARDING, for the appellant.

Mr. CHARLES H. WOOD, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

On the 22d day of August, 1878, the parties agreed to arbitrate certain matters of difference, and selected persons to act as arbitrators, and on the 24th day of that month they, having heard the parties, made their award. Afterward, on the 1st day of October following, the railroad company tendered to appellant $400, the amount awarded to be paid to him. At the October term of the Livingston circuit court, 1878, appellant applied to the court to have the award set aside and quashed. On a hearing the motion was granted and the award quashed and set aside. The railroad company appealed to the Appellate Court for the Second District, and on a hearing in that court the judgment of the circuit court was reversed; and two of the appellate judges having certified that the case presents questions of law of such importance, both on account of principal and collateral interests, that it should be passed upon by this court, plaintiff below has appealed to this court, and assigned error.

It is, amongst other things, urged, that the award is not certain and does not fix the time for the payment of the money awarded that the railroad company was to pay to Alfred for the right of way, nor does it fix the time when fences should be built, and it is indefinite as to other requirements. We think the award sufficiently certain in all but the time for payment of the money and the delivery of the deed.

There is uncertainty as to the time when the money is to be paid and the deed delivered. The award provides that the company " shall pay to the said David Alfred the sum of $400,

at any time fixed upon by them, by giving said Alfred three days' notice of the time, and the place where the money will be paid, and at the same time the said Alfred shall deliver to said company the deed aforesaid." Thus it is seen that the time for the performance of these, the most important acts, is not fixed, but is left to be determined by the railroad company. Such a finding leaves that matter open and in dispute. It may be the company might never fix the time when the money shall be paid and the deed delivered. If so, then that could only be settled by litigation, or further arbitration. Hence the arbitrators have not settled this dispute, which is a part of the controversy submitted. An award, to be good, should settle and determine every matter that is submitted. Thus it is seen that the arbitrators did not settle the entire dispute, but have left this portion open and undecided.

We are not able to see how the circuit court could render such a judgment for this $400 as to enforce its collection. The judgment could not be rendered so as to fix the time when it should be paid and an execution issued for its collection, as the company had the right to fix the time for its payment, and not the court.

The award should be as broad as the submission. If it is not, or goes outside of and beyond the submission, it is not binding on the parties. In this the award is defective and is not binding. Nor can it be upheld and supported in part, as it, under the submission, is required to be an entirety. It can not, therefore, be held good in part and bad in part. The award is therefore binding on neither party.

But it is urged that the circuit court had no jurisdiction to entertain the motion because this was not a proceeding under the statute. The submission provided that it should be made a rule of the circuit court, and that judgment might be entered on the award, according to its terms. Now, this is in accordance with the sixteenth section of the act regulating arbitrations and awards. It provides that parties may submit matters in dispute, and not in suit, by written submission, and

agree therein that the award may be made a judgment of court. The eighteenth section provides that in such a case the award and submission may be filed in a court of record within the same time and upon like conditions, and notice and proceedings thereunder and judgment entered the same as if the award had been made in a suit pending in such court. We therefore think there can be no doubt that this award falls under and is controlled by these sections, and if so, then the court had jurisdiction to hear and determine the motion; and inasmuch as the time of payment and the delivery of the deed was not fixed by the award, but was left to be fixed by the company, that part of the award could not be enforced by the court if a judgment were rendered on the award. It then follows that the circuit court did right in quashing and setting aside the award.

The Appellate Court erred in reversing that judgment, and the judgment of the Appellate Court is reversed and the cause remanded to that court.

*Judgment reversed.*