Busse v. Agnew.

## GUSTAV A. BUSSE

### V.

## FRANCIS AGNEW ET AL.

1. ARBITRATION—SUBMISSION—GENERAL DOCTRINE.—In all cases arising on awards, it is a general rule that unless the arbitrator makes his award of all matters submitted to him, the award is void. This is true, however, on'y where the submission is of several specific things.

2. General submission.—Where the submission is of all matters in dispute, without specifying them, the arbitrator need only make his award as to the things of which he had notice.

3. Specific submission—Building contract—Architect's decision. —A clause in a building contract providing that if any differences shall arise between the parties in relation to the contract, the work to be performed under it, etc., the decision of the architect shall be final, is a submission of specific questions, and the architect's decision is not binding upon the parties as to matters of dealing entirely outside of the contract in question, as a claim for money lent or goods sold and delivered.

Appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding. Opinion filed March 7, 1882.

Mr. A. D. Carter, for appellant; cited Coey v. Lehman, 79 Ill. 173; Mills v. Weeks, 21 Ill. 561.

Mr. John McKeough, for appellees; that demands to be set off must be mutual and between all the parties to the action, cited Waterman on Set-off, 27; Watt v. Kirby, 15 Ill. 200.

The certificate of the architect is conclusive: McAuley v. Carter, 22 Ill. 53; Taylor v. Renn, 79 Ill. 181.

Neither a mistake of law or fact by arbitrators will furnish ground for setting aside the award: Sherfy v. Graham, 72 Ill. 158; Pulliam v. Pensoneau, 33 Ill. 375.

McAllister, J. This action was brought in the court below by Agnew and O'Ruare, the appellees, against Busse, the appellant, to recover a balance claimed to be due under a written contract theretofore made between the parties, whereby the plaintiffs agreed to furnish the materials and do the mason work required in the erection and completion of a store building for defendant, for which he agreed to pay the plaintiffs the sum of $2,700 upon the certificate of the architect named in said contract. The defendant filed with his plea of the general issue a notice of set-off for goods, wares and merchandise sold and delivered by him to the plaintiffs, and work and labor done for them at their request.

On the trial the plaintiffs proved and introduced the contract in evidence, which provided in substance and effect that before the plaintiff should be entitled to demand or receive

Busse v. Agnew.

payment for the work, or any part of it done under such contract, they should produce to the defendant a writing or certificate, under the hand of said architect, stating the amount due for materials furnished and work done by said plaintiffs as per contract.

The plaintiffs gave evidence tending to show that some time before the bringing of the suit, said architect made and signed duplicate certificates showing that there was due from defendant to the plaintiffs, the sum of one hundred and thirty-six dollars, one of which duplicates he furnished to the plaintiffs and the other to the defendant; that one of the plaintiffs and the defendant had conversation about such certificate, neither party being satisfied therewith. But plaintiffs not offering to impeach such certificate for fraud or otherwise, introduced the same in evidence, and then sought to prove extra work which they claimed was not included therein; but the defendant's counsel objected thereto, on the ground that under the contract the certificate of the architect was conclusive, and the court, sustaining the objection, excluded the evidence.

The defendant then offered to prove, under his notice of set-off, a bill of items for goods sold and delivered by him to plaintiffs, and work and labor done by him for them, amounting to $23.90, to which the plaintiff's counsel objected, on the sole ground that the certificate of the architect was conclusive; and the court sustaining the objection, excluded the evidence, and defendant excepted.

It appeared by uncontradicted evidence that the architect was not notified by defendant of the matters of set-off, and that the former did not consider them in making his certificate.

The jury found for plaintiffs the amount in said certificate for which judgment was given, and defendant appeals. Several points for reversal are made, but we deem that of the ruling of the court in excluding defendant's set-off, on the ground that the certificate was a bar to it, as the only one worthy of consideration. The first thing to be looked at in deciding that question is the authority conferred upon the architect. It is comprised in the following provision of the contract:

"It is also further agreed that the said party of the first

part may make all alterations by adding, omitting or deviating from the aforesaid plans, drawings and specifications, or either of them, which he shall deem proper, and the said architect shall devise, without impairing the validity of this contract, and in all such cases the said architect shall value or appraise such alteration, and add to or deduct from the amount herein agreed to be paid to said second parties, the excess or deficiency occasioned by such alteration. It is further agreed that in case any difference of opinion shall arise between said parties in relation to the contract, the work to be performed under it, or in relation to the plans, drawings and specifications hereto, * * * the decision of Theo. Karls, the architect, shall be final and binding on all parties hereto. * * *"

In Wheatstone v. Thomas, 25 Ill. 361, the general doctrine, in respect to arbitrations, was stated thus: " In all cases arising on awards, where the question is whether or not the arbitrator has exceeded his authority, or the contrary, that question must depend upon the intention of the parties, to be drawn from the instrument of submission. It is a general rule, that unless the arbitrator makes his award of all matters submitted to him, the award is void; meaning only where the submission is of several specific things. But where the submission is of all matters in difference, or of all disputes without specifying them, the arbitrator need only make his award as to the things of which he had notice. If there are other things in controversy, not included in the award, but of which the arbitrator had not notice, yet the award is good. If, however, the arbitrator does not make his award of all matters within the submission of which he has notice, the award is void *in toto*." Pritchard v. Daly, 73 Ill. 523.

The words of the submission contained in the above provision of the contract, are clear and unambiguous. There is no room for construction. In such case that meaning which is apparent upon the face of the instrument is the only one we are at liberty to say was intended to be conveyed. The language is: " In case any difference of opinion shall arise between said parties in relation to the contract, the work to be performed under it or in relation to the plans, drawings and

specifications hereto annexed, the decision of Theo. Karls, the architect, shall be final and binding on all parties hereto."

Here the submission is specific. The subject-matter of the set-off sought to be proved, was wholly outside the contract. It was no more within the purview of any of its provisions, than if it had been money lent by defendant to plaintiffs, or a horse sold and delivered. Such subject-matter was, therefore, not embraced within any of the specific things submitted, and the fact that defendant did not bring it to the notice of the arbitrator, could not have the effect to make the award conclusive against it. It necessarily follows that if the arbitrator had passed upon these matters of set-off, it would have been clearly in excess of his authority. It is a general rule that an award must be within the authority conferred by the submission under which it is made. If it exceeds that authority, it is void, at least for the excess. That rule was applied in Mills v. Weeks et al. 21 Ill. 568. We think the exclusion of defendant's set-off, was erroneous, and the judgment must be reversed and the cause remanded.

Reversed and remanded.