460          APPELLATE COURTS OF ILLINOIS.

City of Carlyle v. Village of Beckemeyer, 243 Ill. App. 460.

## City of Carlyle, Plaintiff in Error, v. Village of Beckemeyer, Defendant in Error.

1. ARBITRATIONS AND AWARDS—*waiver of objection to want of authority to submit.* The objection that submission of a dispute between a city and a village to a board of arbitrators was done without ordinance or resolution of the city and village was waived by the city in participating in the hearing without objecting to the authority of the respective attorneys to agree to the submission.

2. ARBITRATIONS AND AWARDS—*waiver of oath to arbitrators.* That arbitrators appointed were not sworn is waived by proceeding with the hearing without objection.

3. APPEAL AND ERROR—*presumption in favor of award in absence of exceptions.* On appeal from a judgment on an award it will be presumed, in the absence of a bill of exceptions, that the arbitrators were duly sworn.

4. COURTS—*jurisdiction of circuit court of appeal in arbitration proceeding.* An arbitration proceeding being a statutory proceeding and not a suit at law or in equity, an appeal from a judgment of the county court setting aside the award and refusing to enter judgment thereon is properly taken to the circuit court.

5. ARBITRATIONS AND AWARDS—*award not conforming to submission.* An award of arbitration merely declaring void a contract is void in exceeding and in not covering the matters included in the submission which was solely to construe the contract and determine whether one of the parties could perform.

6. APPEAL AND ERROR—*when inclusion of petition and award in bill of exceptions not essential on appeal in arbitration proceeding.* Notwithstanding there was no bill of exceptions in an arbitration proceeding, the petition and the award of the arbitrators were before the circuit court on appeal from the county court and before the Appellate Court on appeal from the circuit court.

Error by plaintiff to the Circuit Court of Clinton county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed February 19, 1927.

H. J. C. BECKEMEYER and NOLEMAN, SMITH & DALL-STREAM, for plaintiff in error.

ANDREW O. NIEHOFF and HUGH V. MURRAY, for defendant in error.

City of Carlyle v. Village of Beckemeyer, 243 Ill. App. 460.

MR. JUSTICE BOGGS delivered the opinion of the court.

Plaintiff in error, City of Carlyle, in 1921 owned and operated a municipal lighting plant, and on October 3rd of said year entered into a contract with defendant in error, Village of Beckemeyer, by which it agreed to furnish, upon certain terms and conditions therein named, its surplus electrical current to said village for lighting its streets and for the use of its inhabitants. Among other things, said contract provided:

"Should any dispute arise between the parties hereto as to the proper construction to be placed upon any clause herein or the legal effect thereof, or as to the manner in which this agreement is being executed, by either party, or the ability of either party to live up to its portion of this agreement, such questions shall, at the request of either party in writing, be referred to arbitrators. * * * It is further agreed between the parties hereto that the proceedings of the arbitrators shall be under the provisions of the statute relating to arbitrators and disputes, and that both sides shall covenant and agree that no appeal shall be taken therefrom."

In October, 1924, a dispute having arisen between said parties touching the meaning of said contract, etc., a joint petition was filed by said municipalities, acting through their respective attorneys, in the county court of Clinton county, which, after reciting the making of said contract, alleged:

"Your petitioners further represent that a dispute has arisen by and between your petitioners as to the meaning of said contract and the ability of your petitioner, the Village of Beckemeyer, Illinois, to carry out and perform its part of said contract.

"Your petitioners further respectfully represent that they are neighboring municipalities, and that each of them has agreed with the other to submit their mis-

understanding to a board of arbitrators, as provided by the statute of the State of Illinois. * * * that your Honor appoint some disinterested, capable and efficient engineer to act with the following named persons, who have been heretofore appointed by your petitioners, Mr. Conrad J. Leonard of Beckemeyer, Illinois, and Mr. Theodore T. Koelker of Carlyle, Illinois, as Arbitrators, and cause the three persons, when named, by appropriate order of this Court, to constitute themselves a Board of Arbitration to hear and determine all outstanding disputes by and between your petitioners, in relation to said contract, and to cause them to file a written copy of their award, upon arbitration, in this court, as required by law, and petitioners agree that said decision shall be binding and that no appeal shall be taken therefrom by either.''

H. C. Hough was appointed by the county court, with the other arbitrators. Said arbitrators, after a hearing, reported that they caused the witnesses that were submitted by the respective parties to be examined; that they considered all the evidence produced before them, and made the following finding and report:

''We find that said contract is unenforceable and void because the City of Carlyle has failed and neglected to furnish the Village of Beckemeyer, Illinois, with reasonable electrical current, quality and quantity considered, as intended by the terms and provisions in said contract.''

In addition thereto, said commissioners made certain recommendations as to what said commissioners believed would be for the best interests of said municipalities.

On hearing, the county court set aside said award and refused to enter judgment on the same. An appeal was taken by the Village of Beckemeyer to the

circuit court, and on the hearing in that court, the following order was entered:

"This court therefore finds that the City of Carlyle has failed and neglected to furnish the Village of Beckemeyer with electrical current to take care of its reasonable demands, and that said contract of October 3, 1921, was breached by the City of Carlyle in so doing. · Judgment accordingly upon the award of said arbitrators, and the judgment of this Court is that said contract of October 3, 1921, has been breached by the City of Carlyle by its failure and neglect to furnish the Village of Beckemeyer electrical current as provided by the terms and provisions of said contract."

To reverse said judgment, this writ of error is prosecuted:

It is first contended by counsel for plaintiff in error that the submission to arbitration in this case is void, for the reason that, under the law, city and village attorneys have no power to cause a submission to arbitration by the cities or villages represented by them; that such submission must be made by ordinance or resolution of such cities or villages.

However that may be as a general proposition of law, in this case the City of Carlyle and the Village of Beckemeyer respectively appointed arbitrators and appeared before said board as finally organized, and submitted their evidence and took part in the hearing, without raising any question as to the authority of their said attorneys. That being the state of the record, we do not think plaintiff in error is in a position to urge this assignment of error.

It is also contended by counsel that said arbitrators were not sworn. No bill of exceptions was preserved by plaintiff in error. It will therefore be presumed that said arbitrators complied with the law and were duly sworn. It might be further observed that, if the parties proceeded to a hearing before unsworn arbi-

464     APPELLATE COURTS OF ILLINOIS.

City of Carlyle v. Village of Beckemeyer, 243 Ill. App. 460.

trators without objection, they will be deemed to have waived that requirement. *Kankakee & S. R. Co. v. Alfred*, 3 Ill. App. 511.

It is also contended by plaintiff in error that the circuit court did not have jurisdiction of said appeal, and that such appeal should have been to the Appellate Court. No authority was cited in support of this contention. This is not a suit at law or in equity, but is a statutory proceeding. It is therefore properly appealed from the county to the circuit court. *Sebree v. Sebree*, 293 Ill. 228-234; *McMahan v. Trautvetter*, 305 Ill. 395; *Pick v. Diecks*, 218 Ill. App. 295-299.

It is next contended by plaintiff in error that the award did not follow the submission; that the arbitrators failed to make an award on the matters submitted to them, and undertook to make an award on matters that were not submitted. This point, we think, is well taken.

"It is the agreement between the parties submitting the matter in controversy for arbitration that fixes the conditions, limitations and restrictions to be observed by the arbitrators in making their award." *Buntain v. Curtis*, 27 Ill. 374; *Sherfy v. Graham*, 72 Ill. 158-160; *Clark v. Courter*, 280 Ill. 590-604; *Podolsky v. Raskin*, 294 Ill. 443-450. The award should be as broad as the submission. If it is not, or goes outside of and beyond the submission, it is not binding on the parties. *Alfred v. Kankakee & S. W. R. Co.*, 92 Ill. 609-611; *Taylor v. Scott, Foresman & Co.*, 178 Ill. App. 487-498; *Jones v. Bishop*, 218 Ill. 318-331.

In *Taylor v. Scott, Foresman & Co., supra,* the court at page 498 in discussing this question says:

"As a general rule, an award of arbitrators, in order to be binding, must follow the contract of submission as made by the parties. It is not for a board of arbitrators to change the terms of the submission or to determine any matter not therein contained. Their

sole authority is the contract of submission. Their award is broader or narrower than the submission, the whole award is void. *Buntain v. Curtis,* 27 Ill. 374; *Stearns v. Cope,* 109 Ill. 340; *Tucker v. Page,* 69 Ill. 179; *Whetstone v. Thomas,* 25 Ill. 361; *Alfred v. Kankakee & S. W. R. Co.,* 92 Ill. 609; *McDonald v. Bacon,* 4 Ill. (3 Scam.) 428; *Ingraham v. Whitmore,* 75 Ill. 24; *Busse v. Agnew,* 10 Ill. App. 527; *Sherfy v. Graham,* 72 Ill. 158; *Steere v. Brownell,* 113 Ill. 415; *McCullough v. McCullough,* 12 Ind. 487.''

In this case the arbitrators failed to report on the matter in dispute as to the meaning of said contract and the ability of the Village of Beckemeyer to carry out and perform its part of said contract. No finding or award whatever was made on this matter.

Counsel for defendant in error insists that plaintiff in error is not in a position to urge a reversal of this cause, for the reason that no objections were filed to said award in the circuit court, and that the objections filed in the county court were not before the circuit court on the appeal.

Whether or not counsel for defendant in error is correct in the contention that the objections filed in the county court were not before the circuit court on the appeal, we are of the opinion and hold that the petition and the award were before that court, and are before this court on this writ of error, notwithstanding there was no bill of exceptions.

In *Buntain v. Curtis, supra,* the court at page 376, in discussing a question of this character, says:

''This was a judgment on an award, made by arbitrators selected by the parties, with an agreement in the submission, that their award should be made a rule of court. On filing the award, exceptions were taken as it is urged, but if so, they are not preserved in a bill of exceptions. It is first insisted, that the written submission, the award filed in the court below,

or the exceptions thereto, are not a part of the record, unless made so by bill of exceptions. The statute having authorized parties by their submission, to have the award made a judgment of the court, it would seem to follow, that the submission and award, upon being filed for that purpose, and being the foundation of the judgment, became as much a matter of record, as the summons and declaration. The submission is as much the basis of the action as the declaration, and the award the foundation of the judgment as a verdict of a jury. By being filed with the clerk for the purpose of moving for a judgment, they clearly become a matter of record.''

Under the authorities above cited, the judgment of the circuit court, confirming the report of said arbitrators, and holding that the ''city of Carlyle breached its contract by its failure and neglect to furnish defendant in error electrical current as provided by the terms and provisions of said contract,'' cannot stand.

We are further of the opinion and hold that, under the submission as disclosed by the petition filed by said parties, the only question submitted to said arbitrators was with reference to the construction of said contract, and whether or not defendant in error had the ability to carry out and perform its part of said contract. It was certainly not the province of the board of arbitrators to declare the contract entered into between said municipalities null and void, in any view of the submission that could reasonably be taken.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*