People of the State of Illinois ex rel. Walter S. Baltis, Appellee, v. Village of Westchester and John O. Allison, Appellants.

Gen. No. 42,643.

Opinion filed December 13, 1943.   Rehearing denied December 28, 1943.

KINNE, SCOVEL, ROBSON & MURPHY, of Chicago, for appellants; HARRY C. KINNE, of Chicago, of counsel.

J. H. SILVER, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Baltis, in the name of the People, filed a petition for a writ of mandamus against the Village of Westchester and its Building Commissioner to compel the issuance forthwith of two building permits for the construction of two semi-detached single family structures, one on the northwest corner of 23rd street and Downing avenue and the other on the southwest corner of said streets, both on premises owned by him and described in his petition. The petition was filed November 17, 1942. On November 24, 1942, defendants made a motion to strike the petition and dismiss the cause. (Civil Practice Act, ch. 110, § 45, par. 169, Smith-Hurd's Ann. Stats. [Jones Ill. Stats. Ann. 104.045].) On December 29, 1942, the motion was denied. Defendants elected to stand by their motion to strike, and it was adjudged that the writ issue, an order of default having been entered for want of an answer. Defendants prosecute this appeal.

The question for decision, of course, is whether, assuming the facts to be as set up in plaintiff's petition, the judgment for the writ to issue was justified. The petitioner states that the parties entered into an agreement to arbitrate, as provided by section 10 of the building ordinance of the Village, which was enacted on July 11, 1939, and is as follows:

"Appeals and Arbitration. Should any of the decisions of the Building Commissioner excepting those relating to emergency matters connected with danger to life or immediate safety of work, be disagreed with the applicant is required to notify the Commissioner and the President of his intention to appeal from the decision of the Commissioner. The decision of the Building Commissioner may be appealed from in the following manner—to-wit:

"The appellant shall select one person. The President of the Village Board of Westchester shall select one person, and these two persons shall select a third

person, which third person shall not be a resident of Westchester. The arbitration proceedings shall be held in the Village Office at Westchester. Prior to beginning such proceedings each arbitrator shall, in the presence of the Village Clerk, or a Notary Public, make audibly the following oath or affirmation, to-wit:

"I, —————, do solemnly swear (or affirm) that I will carefully consider all evidence or facts submitted and will, to the best of my ability and judgment, render a fair and impartial decision on the issues involved.

"A written copy of the decision shall be filed with the Commissioner of Buildings and a copy shall also be given to the appellant. The expense, if any, of arbitration shall be paid by the parties to the proceeding in the proportion of two-thirds by the loser and one-third by the winner."

It is also in substance averred that on November 4, 1942, pursuant to and in compliance with this Section 10, relator caused to be served on Nelson, President of the defendant Village, and on its Building Commissioner this notice:

"Notice is hereby given you that I am appealing from a decision of the Building Commissioner with respect to the refusal of the Building Commissioner to issue permits for the construction of the two semi-detached single family structures to be constructed on the southwest and northwest corners of 23rd Street and Downing Avenue, in the Village of Westchester, County of Cook and State of Illinois, which application for permits was made on the 3rd day of September, 1942.

"This notice is given you in conformity with Section 10 of the Building Code of the Village of Westchester, Illinois, which ordinance was passed on the 11th day

of July, 1939, and in accordance with said Section 10 of said Building Code, I select Hugh M. Cornell, as one of the Arbitrators to sit on the Arbitration Board.

"Will you proceed to select your Arbitrator so that they in turn can select a third Arbitrator as provided in said Section 10 of the Building Code? Signed Baltis Built Homes, Walter S. Baltis, Sole Owner."

The petition goes further and avers that pursuant to the notice, Nelson, the President of the Village, appointed F. D. Cossitt; that Hugh M. Cornell and F. D. Cossitt appointed William K. Knight of LaGrange, Illinois, a nonresident of the Village of Westchester. It further avers that the arbitration proceedings were held on November 7, 1942, at the Village Hall located at Westchester, Illinois, and that the arbitrators, before entering upon their duties, in the presence of the Village Clerk, each made the proper oath, setting it up. It is then averred that on November 7, 1942, the arbitrators rendered their decision; that a written copy of the decision was filed with Commissioner Allison and a copy given to the relator. The decision is set up in words and figures as follows, to-wit:

"We have considered the case of the request for permit for two semi-detached houses as made by Baltis Home Builders to your Village Board on September 3, 1942, on lots as above stated.

"Our finding, after listening to the evidence of all parties that appeared at the hearing of the case on November 7, 1942, is that the permits should be granted.

"We feel that the applicant acted in good faith in asking for his permit as he had applied for priorities long in advance of date of application, which seems to have been common knowledge at the Village Hall, and from evidence presented we learned that if Interim Ordinance had not been passed at a date later

than that of his application, the permit would probably have been issued in due course, notwithstanding the fact, that the application was not exactly in the manner provided by ordinance. The fact that the applicant used the Village form and made his request for permit as he had always done in the past was considered.

"We recognize that the Village has and must use its zoning control over the use of land within its jurisdiction but feel from the evidence presented, that the applicant had a right to build structures as requested at the time that he made request for permit."

The decision bears the signatures of the arbitrators, Knight, Cossitt and Cornell. The petition goes on to declare that it thereby became the duty of the Commissioner to issue the building permits in conformity with the award, that notwithstanding this award made by the arbitrators, Allison refused and still refuses to issue the permits. Wherefore, the writ is prayed.

The defendant cites a large number of propositions of law generally applicable to the issuance of writs of mandamus, about which there is no dispute; namely, that the petitioner must show a clear right to the writ; that legal conclusions of a pleader are not sufficient, etc. The plaintiff contends (and we think reasonably) that none of these legal propositions is applicable to this record. The facts alleged in this petition establish beyond question that defendants took part in the selection of the arbitrators, appeared and took part in the hearing, made no objection to any of the proceedings, and made no showing as to reasons that might have been urged against the issuance of the permits. By so doing, in the absence of fraud, the defendants are, we think, on the clearest principles estopped from denying the authority of the arbitrators and the justness of the award. *City of Carlyle v.*

*Village of Beckemeyer,* 243 Ill. App. 460, 40 A. L. R. page 1370; 2 R. C. L. p. 357, 358. Defendants cite a number of cases, such as *White Eagle Laundry Co. v. Slawek,* 296 Ill. 240, which hold an agreement to submit the future controversies, to arbitration under the arbitration statute illegal. These cases, we hold, have no application to the situation here, where there was without question an actual controversy, namely, whether the permits should issue. Defendant says the ordinance is invalid. We hold the facts as alleged in the petition of plaintiff establish beyond question that the defendants took part in the selection of the arbitrators, appeared and took part in the hearing, made no objection to any of the proceedings, have made no showing as to reasons which might have been properly urged against the issuance of the permits. By so doing, in the absence of fraud, the defendant is now estopped from denying the authority of the arbitrators and the justice of the award.

This suit is based on an actual award made in a proceeding in which defendants voluntarily took part. Defendants did not appeal to the courts for relief against the award. They made no effort to have the award of the arbitrators modified or set aside. After submitting to and taking part in such proceedings they have arbitrarily refused to comply with the award. We hold that on the plainest principles of justice defendants should not be thus allowed to stultify themselves.

The sole question presented to this court is whether or not the petition of plaintiff, as admitted by the motion to strike, presented facts such as warranted the order of the superior court granting the writ of mandamus. We hold it did properly present such facts; that the order of the superior court for the writ correctly issued and the judgment of the superior court will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.