## Arthur Pritchard

*v.*

## Martin Daly.

Arbitration—*when party may sue upon original cause of action after award.* Where two neighbors submit their respective claims for damages growing out of depredations upon each others crops, by their cattle, respectively, to arbitrament, and the arbitrators only consider the claims of one, and award him damages, and refuse to consider or hear evidence as to the claims of the other, the latter may pay the award and then maintain a suit upon his original claim.

Writ of Error to the Circuit Court of Marshall county; the Hon. John Burns, Judge, presiding.

Messrs. Barnes & Muir, for the plaintiff in error.

Messrs. Bangs & Shaw, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of trespass, brought before a justice of the peace of Marshall county, by Martin Daly, against Arthur Pritchard, to recover damages for injury to plaintiff's crops by the stock of defendant, which resulted in a judgment for the plaintiff for fifty dollars. On appeal by the defendant to the circuit court, the cause was there tried by a jury, and a verdict rendered in favor of the plaintiff for thirty-five dollars, upon which judgment was rendered, to reverse which the defendant brings the record here by writ of error.

The only question of any importance raised by the plaintiff in error is, can a party who has submitted his case to arbitration, and he himself has performed the award, bring his action

against the other party on the original cause of action, and recover?

These parties were neighbors, and their crops subject to depredation by the cattle of each, which occasioned law suits. The matters in dispute between them, arising out of these depredations, were submitted to the arbitrament and determination of three persons chosen by themselves, who, without hearing the case of plaintiff, or passing upon his claim for damages, awarded, in favor of plaintiff in error, the sum of fifty-two dollars. This award the defendant in error paid, and then brought this action.

The right of recovery, on his part, is placed on the ground that the arbitrators did not take into consideration the plaintiff's claim for damages, though urged so to do by the plaintiff, nor did they hear any evidence in his behalf, they supposing they were to consider only the damages done by Daly's cattle to Pritchard, although all matters in difference had been submitted. That an action, under such circumstances, can be maintained, has been often held by this court, and is not questioned anywhere. *McDonald* v. *Bacon*, 3 Scam. 428; *Ballance* v. *Underhill*, id. 458.

The arbitrators had full notice of plaintiff's claim, but did not pass upon it, and, as to it, the award has no effect. *Whetstone* v. *Thomas*, 25 Ill. 361.

An examination of the testimony shows clearly, that at the meeting of the arbitrators, the plaintiff made his claim to damages, which they did not consider; and this is proved by the arbitrators themselves, who are competent witnesses for such purpose. 3 Phil. on Ev. 82.

This is in no sense an impeachment of the award. *Spurck* v. *Crook*, 19 Ill. 415.

As to the objections to the instructions, the first for plaintiff is not correct, but the testimony is so full and conclusive that the plaintiff's claim was not adjudicated, that it could not have done the defendant any injury.

The term "explained," as used in the second instruction,

was not applicable, nor was there any attempt to explain the award by parol; consequently no harm was done by its use.

We see nothing objectionable in the other instructions for plaintiff. As to those of the defendant, they were properly refused.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*