Maxwell, J.
Title 28, Chapter 57, General Statutes, page 658, entitled “ Arbitration,” under which the proceedings in this case were had, provides that “all controversies which might be the subject of civil actions may be submitted to the decision of one or more arbitrators as hereinafter provided;” that “the parties themselves, or those parties who might lawfully have controlled a civil action in their behalf for the same subject matter, must sign an agreement specifying particularly what demands are to be submitted, the names of the arbitrators, and the court by which the judgment on the award is to be rendered,” which must be signed by the parties and acknowledged before a justice of the peace; that “all the rules prescribed by law in eases of referees are applicable to arbitrators, except as herein otherwise provided, or except as otherwise agreed upon by the parties;” and that “the award may be rejected by the court for any legal and sufficient reasons, or it may be re-committed for a rehearing to the same arbitrators, or any others agreed upon by the parties.”
In the case of The Boston Water Power Co. v. Gray, 6 Met., 131, the court held: “It is clearly settled that an award is prima facie binding on the parties, and the burden of proof is upon the party who would avoid it. In general, arbitrators have full power to decide upon questions of law and fact which directly or incidentally arise in considering and deciding questions embraced in the submission. As incident to the questions of fact, they have power to decide all questions as to the admission and rejection of evidence, as well as the credit due to *546 evidence, and the inferences of fact to be drawn from it. •» * * phe c]ass 0f cases which the court will set aside the award upon matter not arising out of the submission and award is, when there is some corruption, partiality, or misconduct on the part of the arbitrators, or some fraud or imposition on the part of the party attempting to set up the award, by means of which the arbitrators were deceived or misled. In neither of these cases is the result the deliberate and fair judgment of the judges chosen by the parties: the former is the result of prejudice, uninfluenced by law and fact; the latter may be a true judgment, but on a case falsely imposed on them by the fraud of a party.”
Where it is clearly shown that an award has been obtained by fraud, corruption, or other undue means, it is the duty of the court to which the award has been returned to set it aside. But the fact that a party swears that he believes an award has been so obtained is no evidence whatever. All the facts and circumstances on which the party bases his belief must be presented to the court, and an opportunity given to all parties interested to be heard, before an award can be set aside on the grounds herein alleged. Then if either party is dissatisfied with the judgment of the court, and desires to appeal, it is his duty to preserve the evidence by a bill of exceptions, and the case may then be reheard on the testimony. It is apparent from the bill of exceptions that there was no evidence whatever before the probate court of Jefferson county to sustain the charges of the plaintiff in error.
We place no stress whatever on the agreement of the parties that the award “shall be final and conclusive,” because such a stipulation cannot bind a party to abide an award obtained against him by fraud or corruption. There being no grounds on which to predicate an appeal, the judgment of the district court must be affirmed.
Judgment affirmed.