RANDALL S. BENTLEY, PLAINTIFF IN ERROR, V. CHARLES H. DAVIS, DEFENDANT IN ERROR.

1. **Arbitration:** AWARD. Where certain matters in difference between A. B. and C. D. were submitted to certain arbitrators, who made verbal award, which was ratified by the aforesaid parties by entering into a written agreement, signed by them and witnessed by said arbitrators; *Held*, That the parties had thereby accepted of said award, and no action could be brought upon the original items of account submitted to said arbitrators without showing some adequate cause for setting the award aside.

2. ———: ———. Matters not submitted to the arbitrators, or not considered by them in making the award, may be sued on as though no award had been made.

3. **Testimony,** *Held*, Insufficient to sustain the verdict.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*Ryan Bros.* and *H. Whitmore*, for plaintiff in error.

*Sheppard & Black, A. E. Fletcher*, and *H. H. Wilson*, for defendant in error.

MAXWELL, CH. J.

In October, 1885, the plaintiff below (defendant in error) filed his petition in the district court of Franklin county, as follows:

"Plaintiff complains of defendant for the reason that defendant is owing to plaintiff, upon account, the sum of three hundred and twenty-five dollars thirty-two cents, ($325.32) and interest at seven per cent from August 1st, 1884." Then follows an itemized statement of the account.

"2d. Plaintiff further alleges that on or about October 17th, 1884, plaintiff delivered to defendant, at defendant's

request, the following promissory notes, the property of plaintiff." A description of the notes is then set out; the amount claimed under second count is $700.

In his answer the defendant alleges, "That on or about May 15th, 1884, plaintiff and defendant entered into an agreement in writing, whereby it was mutually agreed that they would together deal in agricultural implements, and other goods of various kinds, in the following manner, viz.: The defendant was to procure goods on his own responsibility for the carrying on of the business, and the plaintiff agreed to sell said goods, and the net profits of the firm were to be equally divided between the plaintiff and the defendant, in full payment and satisfaction for the services of each party to be rendered in and about the carrying on of said business. The alleged claims of plaintiff in his 'Exhibit A,' attached to his petition, excepting the 'millet' and 'insurance' and 'commission and real estate loans,' are false claims and have entirely originated and grown out of the business done under, and by virtue of, said agreement, and that defendant never purchased, contracted for, or received of plaintiff any of the property itemized in his said account, nor authorized plaintiff to lay out or expend any money or other property mentioned in said account, nor ever sanctioned or agreed to pay said account, or any part thereof, except as to the said millet seed and insurance items, and that two items have been fully paid to plaintiff by defendant.

" 3d. The defendant alleges that before this action was brought, to-wit, on the 17th day of October, A.D. 1884, said plaintiff and defendant had a full settlement of all claims mentioned in plaintiff's petition, and plaintiff then and there delivered to the defendant, who accepted the same, to-wit, all the promissory notes mentioned in the second alleged cause of action in plaintiff's petition, for the purpose of enabling defendant to collect thereupon the sum of four hundred thirty-seven dollars ninety cents ($437.90), and

apply the same in payment of the indebtedness then agreed by the parties hereto to be due from plaintiff to the defendant. Plaintiff then and there agreed with defendant that the plaintiff was then owing defendant on such settlement the sum of $437.90, and when that amount should be collected by the defendant out of said notes, the notes then remaining uncollected should be returned to plaintiff. Defendant alleges that he has not been able to collect on said notes the said sum of $437.90.

"Whereupon defendant asks that this suit be dismissed at plaintiff's cost."

The reply was a general denial of new matter.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $306.61, upon which judgment was rendered. The principal ground of error relied upon is, that the verdict is against the weight of evidence.

The testimony shows that about the 17th of October, 1884, the plaintiff and defendant submitted the matters in controversy to Martin Hollenbeck and George Rice; these two arbitrators chose a third, one Robert Stevenson. The three heard the parties and found there was due from Davis to Bentley the sum of $437.90. This award was verbal. Davis thereupon produced the notes in question, and left them in the possession of one of the arbitrators to be delivered to Bentley upon his signing the following agreement:

"FRANKLIN, Neb., October 17, 1884.

"This is to certify that all matters in difference between R. S. Bentley and Chas. H. Davis, in any way relating to, or growing out of, the agricultural implement business entered into by written contract between the undersigned bearing date May 15, 1884, and all matters in difference between same parties relating to, or in any way pertaining to, the loaning business done between May 15, 1884, and Oct. 15, 1884, is fully settled and satisfied. The said loan-

ing business refers only to the loans that were made by said Davis as the agent of said Bentley to third parties."

(Signed)                       "R. S. BENTLEY,

                              "CHARLES H. DAVIS.

"M. L. HOLLENBECK,

"GEO. B. RICE,

"ROBT. STEVENSON,

               *Witnesses.*"

The testimony further shows that Bentley was to collect out of these notes the sum of $437.90, and that thereupon the balance of the notes were to be returned to Davis, and that Bentley has not yet received, on said notes, said amount due him thereon. Upon this state of facts, it is evident that Davis was not entitled to a verdict. The petition is framed upon the theory that there had been no settlement, and all accounts which were submitted to the arbitrators are set out as though no settlement had taken place. This, in our view, is an incorrect mode of pleading. The plaintiff and defendant by entering into an agreement based upon the award thereby ratified the same, and if mistakes had been made by the arbitrators, or the arbitrators considered matters which were not submitted or omitted to consider others which were submitted, those facts should be set out as a reason for setting such award aside. *Hall v. Vanier*, 6 Neb., 87.

As a general rule, courts will construe awards favorably and make all reasonable presumptions and intendments in favor of their validity. *Johnson v. Wilson*, Willes, 253. *Barnardiston v. Fowler*, 10 Mod., 204. *Skillings v. Coolidge*, 14 Mass., 43. *Bogan v. Daughdrill*, 51 Ala., 312. *Fudickar v. Guardian Mut. Life Ins. Co.*, 62 N. Y. (17 Sick.), 392. *Locke v. Filley*, 14 Hun (N. Y.), 139.

At common law an award acts as a merger upon the original claims upon which it is predicated whenever a new duty is created thereby; but it does not bar an action upon a demand not presented to the arbitrators or one not passed

upon by them.   *Edwards v. Stevens,* 1 Allen, 315.   *Pritch-ard v. Daly,* 73 Ill., 523.   As all matters upon which this suit is predicated seem to have been submitted to the arbitrators named, and an award made by them, which the plaintiff, so far as appears, ratified and confirmed, this form of action cannot be maintained.

The verdict is against the clear weight of evidence and must be set aside.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.