CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD V. WILLIAM O'FALLON.

FILED DECEMBER 2, 1896. No. 6719.

1. **Arbitration and Award:** IMPEACHMENT: BURDEN OF PROOF. An award, whether at common law or under the statute, when regularly made and published is, in the absence of fraud or mistake, *prima facie* binding upon the parties thereto, and the burden of alleging and proving the contrary is upon the party seeking to impeach it.

2. ———: ———: PLEADING: EVIDENCE. Evidence tending to impeach an award actually made and published, in accordance with the agreement of submission, is inadmissible under a general denial.

3. ———: RIGHT TO REVOKE SUBMISSION: TIME. The right to revoke a submission to arbitration, at common law, must be exercised before the making and publication of the award, otherwise it will be considered as avoided.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.

*Charles Offutt* and *Charles S. Lobingier*, for plaintiff in error.

References as to the validity of the arbitration clause and the conclusiveness of the award: *Scott v. Avery*, 5 H. L. Cas. [Eng.], 811; *Viney v. Bignold*, 20 Q. B. Div. [Eng.], 172; *Wolff v. Liverpool & London & Globe Ins. Co.*, 21 Vroom [N. J.], 453; *Hall v. Norwalk Fire Ins. Co.*, 57 Conn., 105-114; *Adams v. South British Ins. Co.*, 70 Cal., 198; *Carroll v. Girard Fire Ins. Co.*, 72 Cal., 297; *Gauche v. London & Lancashire Ins. Co.*, 10 Fed. Rep., 347, 4 Woods [U. S. C. C.], 102; *Hamilton v. Liverpool, London & Globe Ins. Co.*, 136 U. S., 242; *Tynan v. Tate*, 3 Neb., 388; *McDowell v. Thomas*, 4 Neb., 542; *Boston Water Power Co. v. Gray*, 6 Met. [Mass.], 131; *Pierce v. Empire Ins. Co.*, 62 Barb. [N. Y.], 636; *Mutual Hail Ins. Co. v. Wilde*, 8 Neb., 427.

*Edwin F. Warren* and *John C. Watson*, contra.

In an argument in reply to the contention that defendant in error was bound by an arbitration and award, reference was made to the following cases: *Thompson v. St. Louis Ins. Co.*, 43 Wis., 459; *Thompson v. Citizens Ins. Co.*, 45 Wis., 388; *German Ins. Co. of Freeport v. Eddy*, 36 Neb., 461; *Bartlett v. Union Mutual Fire Ins. Co.*, 46 Me., 500; *Reichards v. Manhattan Life Ins. Co.*, 31 Mo., 518; *Amesbury v. Bowditch Mutual Fire Ins. Co.*, 6 Gray [Mass.], 596; *Indiana Mutual Fire Ins. Co. v. Routledge*, 7 Ind., 25; *Wall v. Equitable Life Assurance Society*, 32 Fed. Rep., 273; *Nute v. Hamilton Mutual Ins. Co.*, 6 Gray [Mass.], 174; *Vore v. Hawkeye Ins. Co.*, 41 N. W. Rep. [Ia.], 309; *Day v. Dwelling-House Ins. Co.*, 16 Atl. Rep. [Me.], 894; *Reiner v. Dwelling-House Ins. Co.*, 42 N. W. Rep. [Wis.], 208; *Sly v. Ottawa Agricultural Ins. Co.*, 29 U. C. C. P., 28; *Goring v. London Mutual Fire Ins. Co.*, 11 Ont. Rep. [Can.], 82; *Sauvey v. Isolated Risk & Farmers Fire Ins. Co.*, 44 U. C. Q. B., 23; *Birmingham Fire Ins. Co. v. Pulver*, 18 N. E. Rep. [Ill.], 804; *Gere v. Council Bluffs Ins. Co.*, 67 Ia., 272; *Reed v. Washington Fire & Marine Ins. Co.*, 138 Mass., 572; *Williams*

*v. Hartford Fire Ins. Co.*, 54 Cal., 442; *German-American Ins. Co. v. Steiger*, 109 Ill., 254; *Mark v. National Fire Ins. Co.*, 24 Hun [N. Y.], 565; *Canfield v. Watertown Fire Ins. Co.*, 55 Wis., 419; *Liverpool & London & Globe Ins. Co. v. Creighton*, 51 Ga., 95; *Schollenberger v. Phoenix Ins. Co.*, 7 Ins. L. J. [Pa.], 697; *Case v. Manufacturers' Fire & Marine Ins. Co.*, 21 Pac. Rep. [Cal.], 843; *Crossley v. Connecticut Fire Ins. Co.*, 27 Fed. Rep., 30; *Lasher v. Northwestern National Ins. Co.*, 18 Hun [N. Y.], 98; *Mentz v. Armenia Fire Ins. Co.*, 79 Pa. St., 478; *Trott v. City Ins. Co.*, 1 Cliff. [U. S. C. C.], 439; *Cobb v. New England Mutual Marine Ins. Co.*, 6 Gray [Mass.], 193; *Stephenson v. Piscataqua Fire & Marine Ins. Co.*, 54 Me., 55; *Allegre v. Maryland Ins. Co.*, 2 G. & J. [Md.], 136; *Rosenwald v. Phenix Ins. Co.*, 3 N. Y. Supp., 215; *Nurney v. Fireman's Fund Ins. Co.*, 30 N. W. Rep. [Mich.], 350; *Phoenix Ins. Co. v. Badger*, 53 Wis., 283; *Millandon v. Atlantic Ins. Co.*, 8 La., 561.

POST, C. J.

The defendant in error (hereafter. referred to as the "plaintiff") recovered judgment in the district court for Otoe county against the Connecticut Fire Insurance Company (hereafter called the "defendant") upon a certain policy of insurance covering a dwelling house situated in said county, together with the furniture and wearing apparel of the insured, and which is presented for review by means of a petition in error addressed to this court. Of the numerous assignments of error we shall notice a single one, viz., that the verdict and judgment are not sustained by sufficient evidence. In the policy, which is set out in the petition, is found the following: "7. * * * Loss or damage to property partially or totally destroyed, unless the amount of said loss or damage is agreed upon between the assured and the company, shall be appraised by disinterested and competent persons, one to be selected by the company and one by the assured, and, where either party demand it, the two so chosen may select an umpire to act with them in case of disagreement, and if

the said appraisers fail to agree they shall refer the differences to such umpire, each party to pay their own appraisers and one-half of the umpire's fees, and the award of any two, in writing, shall be binding and conclusive as to the amount of such loss or damage." The petition, which is otherwise in the usual form, contains an allegation that subsequent to the loss charged the defendant's agent and adjuster agreed to supply the plaintiff with blank forms to be used in making the proof of damage contemplated by the policy, and that afterwards, "during the month of July, the said agent and adjuster submitted to said plaintiff what they claimed were proofs of loss of said fire; that plaintiff, relying upon their said statement, signed the alleged proof of loss by mark, said plaintiff not being able to write or read writing, but that plaintiff afterward learned that the paper he had signed, supposing it to be a proof of loss, was an agreement to have said property appraised as provided in section 7 of said policy; that said plaintiff afterward learning that said paper signed by him was the instrument stated, towit, as required by section 7 of said policy, he immediately notified said company of his ignorance of the nature of the instrument signed by him, and that he would not stand to or be bound by such instrument." The defendant company, after a denial which puts in issue the foregoing allegations, charges that on the 14th day of July, 1892, in consequence of a disagreement respecting the amount of the plaintiff's damage, it was in writing agreed that all questions of difference between the parties should be submitted to arbitrators therein named, whose finding and decision should be conclusive upon the respective parties. The agreement aforesaid, which is set out at length, is specific in all of its provisions, and is *prima facie* a valid common law submission. (*Tynan v. Tate*, 3 Neb., 388; *Greer v. Canfield*, 38 Neb., 169.) It appears further from the answer that the arbitrators thus mutually chosen were, on the 18th day of July, sworn to faithfully and impartially discharge their duties as such in accord-

ance with the terms of the written submission, and that
on the 29th day of July said appraisers, pursuant to the
authority conferred upon them by their said appoint-
ment, made and published their finding and decision, as
follows.

"To the Parties in Interest: We, H. Wales and Louis
Prue, the appraisers named in the foregoing agreement,
having estimated and carefully appraised at its true cash
value, the sound value, and the direct or immediate dam-
age caused by fire which occurred on the 30th day of
June, A. D. 1892, to the property described in the fore-
going agreement, and having taken into consideration
the age, condition, and location of said property previous
to the fire, and also the value of the walls, materials, and
any portion of the building saved, and after making an
estimate of the cost of replacing said building and mak-
ing proper deductions for depreciation and other causes,
in accordance with the stipulations of the foregoing
agreement, do hereby, under oath, find, determine, and
award the sum of six hundred and ninety-one and 4-100
dollars as the amount of said damage to the property
therein described, and more particularly described as
follows: $691.04, on ——— .

"Witness our hands and seals at Nebraska City, Ne-
braska, this 29th day of July, A. D. 1892.

                              "HARRY WALES.    [SEAL.]
                              "LOUIS PRUE.     [SEAL.]"

It is by the defendant further alleged that it has at all
times since the date of said award been ready and willing
to pay the same, and has tendered to the plaintiff the
full amount thereof, which, upon the refusal of the latter,
is brought into court for his use and benefit, in order that
said tender may be kept good. The reply is a general
denial. It should in this connection be observed that
no reference is made by counsel to the statement of the
petition respecting plaintiff's agreement to arbitrate and
his alleged subsequent revocation thereof; but that alle-
gation cannot at this time be regarded as material, since

the vital issue is tendered by the answer, which charges a particular agreement for submission to arbitrators, and an award rendered pursuant thereto.

We may concede, as charged by the plaintiff that he was, through the fraud of defendant's adjuster, induced to execute an agreement submitting to arbitrators the question of his damage, and which submission was by him in due season revoked upon the discovery of the fraud so practiced. Such facts do not of themselves, however, amount to a denial or an avoidance of the new matter pleaded as a defense, and would, if alleged in the reply, have been adjudged insufficient upon demurrer or motion to strike: 1. Because it cannot be presumed from the allegations of the petition and answer that they refer to the same agreement. 2. An award, whether under the statute or at common law, is, in the absence of fraud or mistake, binding upon the parties thereto, and the burden of alleging and proving its invalidity rests upon the party seeking to impeach it. (*McDowell v. Thomas*, 4 Neb., 542; *Bentley v. Davis*, 21 Neb., 685; *Fudickar v. Guardian Mutual Life Ins. Co.*, 62 N. Y., 392; *Camplin v. Eads*, 24 S. W. Rep. [Ky.], 1068; *Bowden v. Crow*, 21 S. W. Rep. [Tex.], 612; *Merritt v. Thompson*, 27 N. Y., 225.)

The foregoing authorities fully sustain the propositions stated, and render unnecessary an extended reference to the evidence. It is sufficient that the execution of the agreement alleged in the answer is established beyond dispute, while the making and publishing of the award as charged was not controverted at the trial below. There was, it is true, evidence by the plaintiff tending to prove a revocation by him of the agreement to arbitrate. But the plea of no award was at common law not allowed in an action of debt on an award actually made and published. (2 Chitty, Pleading, 308.) It is also a recognized rule of the common law that the right of revocation must be exercised before the publication of the award, otherwise it will be regarded as waived. (*Milne v. Gratrix*, 7 East [Eng.], 608; *Green v. Pole*, 6 Bing.

[Eng.], 443; *Bank of Monroe v. Widner*, 11 Paige Ch. [N. Y.], 529; *Hunt v. Wilson*, 6 N. H., 36; *Clement v. Hadlock*, 13 N. H., 185; *Haskell v. Whitney*, 12 Mass., 47; Kinkead, Code Pleading, sec. 205; 2 Ency. of Pleading & Practice, 597, and note.)

It is argued in defense of the judgment that the admission of evidence in the nature of a confession and avoidance under a general denial should be objected to at the time and specially assigned as error. That proposition is undoubtedly sound as a statement of the general rule, but it can for obvious reasons have no application where, as in the case at bar, there is an entire failure of proof to sustain the finding or verdict complained of. A judgment based upon such a finding is not only unsupported by the evidence, but is contrary to law within the meaning of the Code. The case of *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 473, relied upon by the defendant in error, in nowise conflicts with the views here expressed. It follows that the judgment must be reversed and the cause remanded for trial *de novo*.

REVERSED.