TOM COLLINS HAVENS V. FRANK L. ROBERTSON.

FILED DECEMBER 6, 1905.   No. 13,989.

1. **Arbitration.** An unexecuted agreement to arbitrate will **not be** recognized by the courts of this state.

2. **Defense: EVIDENCE: REVIEW.** It is not error to refuse to submit a defense pleaded, which is not supported by competent evidence.

3. **Instructions: PREJUDICIAL ERROR.** Action of the trial court **in giving** instructions examined, and *held* prejudicial.

ERROR to the district court for Douglas county WILLIS G. SEARS, JUDGE.   *Reversed.*

*Hamilton & Maxwell,* for plaintiff in error.

*Baldrige & De Bord, contra.*

OLDHAM, C.

This was an action instituted by the plaintiff in the court below to recover damages on a building contract entered into with defendant.   There were three counts in the petition.   The first one was for an alleged balance due on the contract for work done in the construction of the building.   The second count was for extras alleged to have been agreed upon.   The third cause of action was for delays alleged to have been occasioned by the failure of the defendant to have the stone work on the foundation and walls of the building in readiness for the plaintiff at the time agreed upon in the contract.   The answer,

with reference to the first count of the petition, denied that the contract had been fully completed by the plaintiff, and pleaded payment in full for all work actually done. As to the second count, it denied that the extras sued for had been agreed upon between the plaintiff and defendant. As to the third count, there was a general denial, coupled with a plea of an agreement to arbitrate this question contained in the written contract under which the work was performed. There was also an attempted defense of estoppel, because plaintiff had not claimed damages for delays before the defendant had settled in full with the stone company. Defendant also filed a counterclaim for damages against the plaintiff for plaintiff's failure to complete the work within the time specified in the contract, and for the use of improper material, and for poor workmanship in the construction of the building. On issues thus joined, there was a trial to a jury and a verdict for the plaintiff for $1,327.52. On this verdict the court directed a remittitur of $290.23, which was entered by the plaintiff. Thereupon a judgment was entered in his favor for $1,037.29, and to reverse this judgment defendant brings error to this court.

The material facts underlying this controversy are that the plaintiff entered into a written contract with the defendant to furnish certain materials and to perform the carpenter work, plastering, inside finishing, roofing, etc., on a stone dwelling-house then in process of erection. This contract contained conditions that bound the defendant to reimburse the contractor for loss on account of delays by the failure of the defendant to have the building in readiness for his work, as well as conditions allowing damages to the owner if the contractor failed to perform the work within the time specified. There was also a provision in the contract for the arbitration of differences for delays, etc., should a dispute arise between the parties. Defendant, owner of the building, had a separate and independent contract for the construction of the foundation and walls of the building with the Omaha

Litholite Stone Company. It is without dispute that the defendant owner agreed to have the building in readiness for the plaintiff by the 28th of September, 1900. It is also without dispute that the stone contractors 'failed to complete their contract for the construction of the foundation and walls until the latter part of April, 1901. While there is a very voluminous record of testimony covering each item in each count in the petition, the real contest rages around the claim of the plaintiff and the counterclaim of the defendant for damages occasioned by delays. The controversy over the small amount claimed and allowed for the alleged balance due on the contract and for extras alleged to have been furnished is of minor importance; and there is nothing in the determination of either of these causes of action seriously complained of either in the brief or in the oral argument of the defendant in the court below. We might further remark that there is nothing in the record to warrant any complaint as to these causes of action, and our attention will therefore be directed to the allegations or error touching on the third cause of action in the petition.

Numerous assignments are made of alleged errors in the admission of evidence, and, after an examination of each of these, we are satisfied that the criticism on the action of the trial court in this particular goes rather to technical form than to real substance, and that the record shows no prejudicial error in this respect.

It is urged by counsel for the defendant below that the court erred in admitting any testimony on the third cause of action, because, under the contract sued on, this matter should have been submitted to arbitration. It is a rule, too well established in this court to require any further examination, that an unexecuted agreement to arbitrate will not be recognized or enforced in this jurisdiction. See *Schrandt v. Young,* 62 Neb. 254; *Home Fire Ins. Co. v. Kennedy,* 47 Neb. 138; *Connecticut Fire Ins. Co. v. O'Fallon,* 49 Neb. 740; *Butler v. Greene,* 49 Neb. 280; *Phœnix Ins. Co. v. Zlotky,* 66 Neb. 584.

Another question urged is that the court erred in excluding from the jury the defense of estoppel pleaded in defendant's answer. The evidence offered in support of this defense wholly failed to show that the defendant in any manner changed his position toward the stone company by reason of plaintiff's failure to file his claim for damages before such settlement was made, consequently, there was no competent evidence in the record to support this defense.

A serious complaint, however, is lodged against the instructions of the trial court on the plainti .'s right to recover damages on his third cause of action, and on the proper measure of damages, should any be allowed. The fact of delay was not disputed, and plaintiff introduced testimony tending to show a material interference with the progress of his work on account of such delay. The defendant, on the other hand, introduced testimony tending to show that the delay of the stone work was without material injury to plaintiff in the prosecution of his work. In submitting the question of plaintiff's right to recover on this cause of action, the court, in the fifth paragraph of instructions given on his own motion, said: "The jury are instructed that, if they believe from the evidence, by a preponderance thereof, that the delays of the plaintiff or the delays of those employed by him to perform other departments of the work of defendant's house, and for which he was responsible, and on which plaintiff's work depended, hindered and delayed plaintiff in the work that he had undertaken to perform, so that it took more of his time and labor to complete said contract than would have been required if such other departments of the work had been concluded in reasonable time, then you are instructed that plaintiff is entitled to recover from defendant in this action the reasonable value of such extra time and labor as you shall find it to be under the evidence in the case." Counsel for the plaintiff below concedes that this instruction is technically erroneous in permitting plaintiff to recover for delays occasioned by his own em-

Havens v. Robertson.

ployees instead of the employees of the defendant. But he further contends that the error in this particular is so patent that the jury could not have been misled by it. There would be much weight in this contention if this instruction had been either preceded or followed by another, clearly and specifically directing as to plaintiff's right of recovery for delay. But we look in vain through all the instructions given to find another, which would clearly solve the riddle propounded to the jury in this paragraph. In the first paragraph of the instructions given at the request of the plaintiff, the court, among other things, said: "You are further instructed that it is established by the proof in this case that Havens so delayed in the furnishing of labor and materials for work, outside of Robertson's contract, as to materially hinder Robertson in the performance of that work which Robertson had agreed to perform. It will therefore be your duty, and the court instructs you, to ascertain the amount of damage occasioned to Robertson by this failure of Havens to fulfill his contract." This instruction amounted to a plain direction to the jury to find for the plaintiff on his third cause of action. It is contended in its support, however, that in any event plaintiff was entitled to nominal damages for his delay, which was admitted. It is true, it was admitted that plaintiff was delayed, but it was denied that he was materially damaged by such delay; and the instruction given was not one for nominal damages for the delay, but for damages for a material delay. We are therefore of the opinion that the giving of the instructions above set forth was prejudicial error, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district

court be reversed and the cause remanded for further proceedings according to law.

REVERSED.